# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHNNY RENO HUDSON,

        Petitioner,

v.                                        Case No. 07-CV-14664

KENNETH ROMANOWSKI,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS
AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Johnny Reno Hudson ("Petitioner"), a state prisoner currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following a jury trial in the Oakland County Circuit Court in 2004, Petitioner was convicted of kidnapping, Mich. Comp. Laws § 750.349, assault with intent to do great bodily harm, Mich. Comp. Laws § 750.84, and accepting the earnings of a prostitute, Mich. Comp. Laws § 750.457. He was sentenced as a second habitual offender to concurrent terms of 25 to 50 years imprisonment, 5 to15 years imprisonment, and 10 to 30 years imprisonment, respectively. In his pleadings, Petitioner raises claims concerning the admission of other acts evidence and the propriety of his sentence.

## I. BACKGROUND

Petitioner's convictions arise from his conduct toward a former girlfriend, Margo Emmi, in Oakland County, Michigan in June, 2004. At trial, Margo Emmi testified that

1

Petitioner kept her at a residence against her will, physically assaulted her, and took money from her for her acts of prostitution with other men.  A more detailed statement of facts is set forth in the brief submitted with the habeas petition.  The court accepts those facts at true for purposes of this opinion.

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising the same claims contained in his habeas petition.  The Michigan Court of Appeals affirmed his convictions and sentence.  *People v. Hudson*, No. 259902, 2006 WL 1688186 (Mich. Ct. App. June 20, 2006) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order.  *See People v. Hudson*, 477 Mich. 916, 722 N.W.2d 855 (2006).  Petitioner states that he also filed a motion for relief from judgment in the state trial court raising several claims of error,[1] which was denied.

Petitioner thereafter submitted his federal habeas petition, asserting the following claims:

> I.  The trial court erred when under MCR 404(B) it allowed evidence of Mr. Hudson's alleged prior bad acts involving Melanie Worrall to show a propensity to commit the charged offenses.  The prejudice greatly outweighed the probative value.
>
> II. The trial court violated Johnny Hudson's federal constitutional rights, U.S. Const. Ams V, VI, XIV at sentencing by scoring the statutory guidelines based on its finding of additional facts, which the prosecutor had not charged, which had not been submitted to the jury, and which Mr. Hudson had not admitted.

## II.  STANDARD

Promptly after the filing of a petition for habeas corpus, the court must undertake

---

[1] Petitioner acknowledges that he has not fully exhausted those additional claims and states that he is not pursuing them upon habeas review.

2

a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the

4

reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III. DISCUSSION

#### A. Other Acts Evidence Claim

Petitioner first contends that he is entitled to habeas relief because the trial court erred in admitting other prior bad acts evidence. Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dept. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003); *Clemmons v. Sowders*, 34 F.3d 352, 356 (6th Cir. 1994).

The United States Supreme Court has declined to hold that similar "other acts" evidence is so extremely unfair that its admission violates fundamental conceptions of

5

justice. *See Dowling v. United States*, 493 U.S. 342, 352-53 (1990).² Thus, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh*, 329 F.3d 496, 512 (6th Cir. 2003). Consequently, there is no Supreme Court precedent that the state court decisions could be deemed "contrary to" under 28 U.S.C. § 2254(d)(1). *Id.* at 513; *see also Adams v. Smith*, 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003). Petitioner has thus failed to state a claim upon which federal habeas relief may be granted as to this issue.

### B. Sentencing Claim

Petitioner next contends that he is entitled to habeas relief because his sentencing guidelines were improperly scored and he was sentenced in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). To the extent that Petitioner challenges the scoring of his sentencing guidelines under state law, he is not entitled to relief from this court. A claim that the state sentencing guidelines were incorrectly scored fails to state a claim upon which federal habeas relief can be granted. *See, e.g., Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner also cannot prevail on his claim that he is entitled to habeas relief because the trial court relied upon facts not presented to the jury nor admitted by him in imposing his sentence in violation of his rights. *See Blakely v. Washington*, 543 U.S. 296, 303-05 (2004) (state trial court's action in sentencing defendant beyond the statutory maximum of the standard range for his offense based upon judicial finding of

---

²While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Old Chief v. United States*, 519 U.S. 172 (1997); *Huddleston v. United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms.

deliberate cruelty violated Sixth Amendment right to trial by jury). *Blakely* involved a trial court's departure from a state's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. *See People v. Claypool,* 684 N.W.2d 278 (2004) (citing Mich. Comp. L. § 769.8). The minimum sentence for a defendant is based on the applicable sentencing guidelines ranges. *Id.* Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock*, 666 N.W.2d 231 (2003) (citing Mich. Comp. L. § 769.34(2)). The trial judge sets the minimum sentence, but can never exceed the statutory maximum sentence. *See Claypool,* 684 N.W.2d 278. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09.

In *People v. Drohan*, 715 N.W.2d 778 (2006), the Michigan Supreme Court held that Michigan's indeterminate sentencing scheme does not offend the Sixth Amendment right to trial by jury because a defendant is always subject to the statutory maximum sentence for purposes of *Blakely* and the Sixth Amendment does not entitle a defendant to a sentence below the statutory maximum. Because *Blakely* does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's scoring of the sentencing guidelines did not violate Petitioner's constitutional rights. *See Delavern v. Harry*, No. 07-CV-13293, 2007 WL 2652603, *3-4 (E.D. Mich. Sept. 7, 2007); *Jones v. Trombley*, No. 07-CV-10139, 2007 WL 405835, *3 (E.D. Mich. Jan. 31, 2007); *Jones v. Bergh*, 2006 WL 1007602, *1-2 (E.D. Mich. April 17, 2006); *George v. Burt*, 2006 WL 156396, *5 (E.D. Mich. Jan. 20, 2006). Petitioner has failed

to state a claim upon which habeas relief may be granted.

## IV. CONCLUSION

IT IS ORDERED that the Petition for Writ of Habeas Corpus [Dkt. #1] is DENIED.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). In deciding to dismiss the habeas petition, the court has studied the record and relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. *Id.* at 901 (quoting *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *rev'd in part on other grounds*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,' "the district judge is, at that point, often best able to determine whether to issue the COA).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Having considered the matter, the court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Lastly, the court concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a). Accordingly, IT IS ORDERED that leave to proceed on appeal *in forma pauperis* is DENIED.

     s/Robert H. Cleland  
     ROBERT H. CLELAND  
     UNITED STATES DISTRICT JUDGE

Dated: November 15, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 15, 2007, by electronic and/or ordinary mail.

     s/Lisa Wagner  
     Case Manager and Deputy Clerk  
     (313) 234-5522